# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JASON D ALSTON                                                                                          PLAINTIFF

V.                                                  CAUSE NO. 4:16CV00236-DMB-JMV

MISSISSIPPI DEPARTMENT
OF TRANSPORTATION                                                         DEFENDANT

## ORDER ON MOTIONS

Before the court are Jason Alston's motion for leave to proceed *in forma pauperis* ("IFP") [2], motion for appointment of counsel [3], and motion to disqualify counsel [4]. The Court will consider these motions in turn.

### *IFP Motion*

In his complaint [1] Mr. Alston alleges racial and disability discrimination and retaliation against his former employer, Mississippi Department of Transportation ("MDOT"). The Court has fully reviewed Mr. Alston's IFP application and finds he has adequately shown he is financially unable to pay the filing fee for this action. Accordingly, his application for leave to proceed IFP will be granted, and process will issue for the defendant.

### *Motion for Appoint of Counsel*

Mr. Alston's motion for appointment of counsel will be denied at this time. There is no absolute or automatic right to appointed counsel in Title VII and ADA cases. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990); *Johnson v. City of Port Arthur*, 892 F. Supp. 835, 839 (E.D. Tex. 1995). Rather, a plaintiff may receive appointed counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In making this determination, the district court should consider (1) the merits of the plaintiff's claims of discrimination; (2) the efforts

taken by the plaintiff to obtain counsel; (3) and the plaintiff's financial ability to retain counsel. *Gonzalez*, 907 F.2d at 580. "No single factor is conclusive." *Id.*

While it appears Mr. Alston is unable to afford private counsel, other factors weigh heavily against appointing counsel at this time. First, the fact that Mr. Alston contacted seven attorneys and two legal aid organizations, none of whom have agreed to accept his case, does not speak favorably of the merits of his claims. Nevertheless, the Court finds it will be in a better position to ascertain the merits of Plaintiff's claims after the Defendant has filed a response to those claims. Second, beyond his attestation that he has "made a diligent effort to employ counsel," Mr. Alston offers neither the reasons why nor the circumstances under which the attorneys and organizations he contacted refused to take his case. Ultimately, Plaintiff will suffer no prejudice without counsel at this stage because the case is not complex; nor does it present any novel issues. And, though Mr. Alston states he only has an eleventh-grade education, he has filed a complaint and three motions in which he has clearly articulated the issues for the Court's consideration and the relief he seeks. Mr. Alston may reurge this motion in the event these circumstances change materially.

### *Motion to Disqualify Counsel*

Finally, Mr. Alston seeks an order disqualifying Joe Goff as counsel for MDOT because he is likely to call Mr. Goff as an essential witness at trial. MDOT has not yet been called upon to respond to the allegations of the complaint in this case. Furthermore, no attorney has entered an appearance on behalf of MDOT. Therefore, the instant motion is premature and will be denied without prejudice to Mr. Alston's right to reurge it should it become apparent that Mr. Goff will serve as an advocate at trial for MDOT.

**THEREFORE, IT IS ORDERED:**

1. That Plaintiff's motion to proceed IFP [2] is GRANTED;

2. That the Clerk shall forthwith issue a summons for the defendant named in the complaint;

3. That the U.S. Marshal shall promptly serve the defendant with copies of the summons, the complaint, and this order;

4. That Plaintiff's motion for appointment of counsel [3] is DENIED without prejudice; and

5. That Plaintiff's motion for disqualification of counsel [4] is DENIED without prejudice as premature.

This 1st day of December, 2016.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE