IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASON D. ALSTON**                                                                **PLAINTIFF**

**vs.**                                         **CIVIL ACTION NO. 4:16-cv-236-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF TRANSPORTATION**           **DEFENDANT**

_____

**REPORT AND RECOMMENDATION**
_____

This matter is before the court on defendant's [82] motion to dismiss for failure to state a claim and for lack of jurisdiction. In the undersigned's view, the motion should should be DENIED for the reasons delineated below.

*Background*

Plaintiff's third amended complaint asserts a cause of action for retaliation based on two alleged adverse employment actions that occurred after plaintiff filed the following two EEOC charges: an initial charge (#01532) of race and disability discrimination filed with the EEOC on June 10, 2015 and a subsequent charge (#01773) filed July 13, 2015 for retaliation. The July 13, 2015 charge of retaliation recites that on June 19, 2015 plaintiff was written-up for improper placement of signage and that write-ups had occurred "consistently" since the filing of the prior discrimination/disability EEOC charge. The retaliation charge also alleged that the June 19, 2015 write-up was preceded by two verbal warnings on unspecified dates.

The first of the two bases for the retaliation claim plaintiff now asserts, by way of his third amended complaint, occurred when plaintiff applied for the position of supervisor II on August 28, 2015—and was denied the position on September 20, 2015. The second occurrence took place

1

on or about September 19, 2015, when plaintiff was again written up and subsequently suspended for 40 hours for failing to properly place signs. The plaintiff never amended his prior EEOC charges to include either of these complained of events. However, on October 2, 2015, shortly after plaintiff was suspended, the EEOC wrote counsel for the defendant as follows:

> Charging Party Jason Alston has informed the EEOC that since he complained about race, disability, and retaliation, he is being subjected to additional retaliation because he is receiving additional disciplinary action. He submitted a copy of the Disciplinary Action Notice that was hand-delivered to him on September 28, 2015. As you know, an inference could be drawn that he is being subjected to retaliation.

On September 30, 2016 the EEOC closed its file on both plaintiff's original discrimination charge and his subsequent July 13, 2015 retaliation charge.

On November 29, 2017, plaintiff filed suit in this court making, among others, the aforementioned claims. Since that time, he has thrice amended his complaint. All that remains, as of this juncture, are the aforementioned retaliation claims based on suspension and promotion.

On November 10, 2017, the defendant moved to dismiss the retaliation claims comprising the third amended complaint, due to failure to exhaust. The plaintiff filed a generic opposition to the motion to dismiss, and on the same day, moved to amend his third amended complaint, yet again—this time to eliminate his retaliation claim based on failure to promote to the supervisor II position. On December 5, 2017 the defendant opposed plaintiff's motion to amend.

*Suspension Based Retaliation Claim*

The defendant contends that plaintiff's September 2015 suspension is not properly before the court because plaintiff never amended his original discrimination claim or his subsequent July 2013 retaliation charge to assert the 40-hour suspension, nor did he file separate charges based thereon. To support this argument, the defendant suggests, in reliance on *Simmons-Myers v. Caesars Entertainment Corp.* wherein the Supreme Court held that Title VII plaintiffs have the

2

obligation to file an administrative charge as to each discrete discriminatory act, that, in the Fifth Circuit, the "*Gupta* exception to exhaustion" no longer applies in, among others, retaliation cases.[1] *Simmons-Myers v. Caesars Entertainment Corp.*, 2012 WL 2885366 (N.D. Miss. July 13, 2012)(emphasis added)(citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-14 (2002)). However, contrary to defendants' assertion, the *Simmons* court expressly *declined* to answer whether *Morgan* abrogated *Gupta*, noting in doing so, that the majority view is that *Gupta* remains the law in the Fifth Circuit. See also, *Phillips v. Caris Life Scis., Inc.*, No. 16-11299, 2017 WL 5987751, at *3 (5th Cir. Dec. 1, 2017)(recognizing as recently as December 1, 2017 that the *Gupta* exception to exhaustion applies if a new claim is one for retaliation and the other requirements of *Gupta* are met.)

Until the Fifth Circuit reconsiders *Gupta* in light of *Morgan*, *Gupta* remains the law in this circuit. As applied in the case of Plaintiff's claim that he was reprimanded and suspended for 40 hours in September 2015 in retaliation for filing an earlier EEOC charge of discrimination and a subsequent charge of retaliation, the undersigned recommends that, under the dictates of *Gupta*, the claim is not subject to dismissal for failure to exhaust. Indeed, it is clear that the EEOC was actively investigating the September signage reprimands that ultimately resulted in the complained of suspension. This is evidenced by the EEOC's October 2, 2015 letter to the defendant expressly calling into question the defendant's motivation for the September signage reprimands. In addition, the September reprimand(s) were of the same type as those forming the basis of plaintiff's earlier retaliation charge—a charge which, though containing a specific date of complained of conduct, also contained a narrative statement that the signage reprimands were ongoing.

---

[1] In *Gupta v. E. Tex. State Univ.*, the Supreme Court held that a plaintiff could pursue an unexhausted retaliation claim provided the acts underlying the claim came after and in response to a prior exhausted discrimination claim. Stated differently, the *Gupta* court held that where the claim grew out of the earlier charge, the retaliation claim need not be separately exhausted. *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

Accordingly the undersigned recommends that the motion to dismiss the September reprimand(s)/40-hour suspension retaliation claim be denied and that the claim be deemed exhausted.

*Failure to Promote In Retaliation Claim*

As to the failure to promote in retaliation claim, the undersigned recommends to the contrary since that claim, though asserted as one for retaliation, is wholly distinct from any claims made by the plaintiff to the EEOC. No mention whatsoever is made by the EEOC in its October 2015 letter to defendant of such retaliatory failure to promote claim, and it is wholly distinct from the conduct demonstrably complained of by plaintiff to the EEOC.

In short, this claim cannot be fairly said to have grown out of the charges exhausted before the EEOC. The failure to promote claim on its face is distinct in character and kind to the retaliatory conduct the EEOC did investigate (reprimands for signage placement which ultimately resulted in plaintiff's 40-hour suspension), and the court notes that even though the defendant has curiously objected to plaintiff, doing so, the plaintiff has moved to amend his third amended complaint to drop the failure to promote in retaliation claim.

*Procedure for Filing Objections*

The plaintiff is referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any he desires to file objections to the findings in support of the recommendations herein, or the recommendations themselves. The plaintiff is warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-

4

5

to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted, January 2, 2018.

                                      /s/ Jane M. Virden
                                    **U.S. MAGISTRATE JUDGE**