IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON D. ALSTON                                                                                              PLAINTIFF

V.                                                                                    NO. 4:16-CV-236-DMB-JMV

MISSISSIPPI DEPARTMENT OF
TRANSPORTATION                                                                                         DEFENDANT

### ORDER

This employment discrimination action is before the Court on the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden regarding the defendant's motion to dismiss. Doc. #93.

### I
### Procedural History

On November 29, 2016, Jason D. Alston filed a complaint in this Court alleging that the Mississippi Department of Transportation ("MDOT"), his former employer, subjected him to "unlawful race discrimination, disability discrimination, racial harassment, hostile work environment and retaliation." Doc. #1 at 1. Approximately two months later, on January 9, 2017, Alston, with leave of the Court, filed an amended complaint alleging the same claims. Doc. #21.

On July 28, 2017, Alston filed a second amended complaint with leave of the Court. Doc. #64. Less than a month later, Alston, again with the Court's leave, filed a third amended complaint alleging retaliation in violation of Title VII of the Civil Rights Act. Doc. #70.

On November 10, 2017, the defendant moved to dismiss the third amended complaint for failure to state a claim and lack of subject matter jurisdiction on the grounds that Alston failed to exhaust his claims. Doc. #82. Alston responded in opposition to the motion, and the defendant replied. Doc. #84; Doc. #88.

On January 2, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that the motion to dismiss be granted in part and denied in part.[1] Doc. #93. Judge Virden recommended that the motion be granted with respect to Alston's claim based on a failure to promote, and that the motion be denied with respect to the claim based on an allegedly retaliatory suspension. No party has objected to Judge Virden's recommendations.

## II
## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the … report and recommendation to which [a party] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009).

In the absence of objections, the Court has reviewed the Report and Recommendation for plain error and has found none. Accordingly, the Report and Recommendation [93] is **ADOPTED** as the order of the Court. The defendant's motion to dismiss [82] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal of Alston's failure to promote claim for failure to state a claim.[2] The motion is DENIED in all other respects.

**SO ORDERED**, this 17th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The introduction to the Report and Recommendation states only that the motion should be denied but the substance of the document recommends granting in part and denying in part.

[2] The Report and Recommendation does not state whether the failure to promote claim should be dismissed for failure to state a claim or for lack of subject matter jurisdiction. However, because failure to exhaust before the EEOC is non-jurisdictional, *Flagg v. Stryker Corp.*, 819 F.3d 132, 142 n.3 & accompanying text (5th Cir. 2016) (Haynes, J., concurring in part), the proper ground for dismissal is for failure to state a claim.