# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JASON D ALSTON                                                             PLAINTIFF

V.                                                       CAUSE NO. 4:16CV00236-DMB-JMV

MISSISSIPPI DEPARTMENT OF TRANSPORTATION              DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion to Stay District Court Proceedings Pending Resolution of Petition for Writ of Mandamus With Appendix in Support. Defendant has failed to respond to the motion. Nevertheless, the undersigned finds the motion should be, and is, hereby, DENIED.

Plaintiff states that on October 19, 2018, the district judge denied his motion for leave to file a motion for summary judgment and his motion to recuse or disqualify District Judge Brown and the undersigned magistrate judge. Plaintiff also states the undersigned denied his motion for leave to file a motion for summary judgment and motion to recuse or disqualify.[1] Instead of appealing the respective orders, Plaintiff filed a Petition for Writ of Mandamus With Appendix in Support before the Fifth Circuit. Now, Plaintiff seeks a stay of these proceedings until 20 days after the Fifth Circuit disposes of his Petition for a Writ of Mandamus. In support of the instant motion, Plaintiff contends "[a] stay is necessary to preserve the threshold question that The United States Court of Appeals Fifth [sic] Circuit is called upon to answer." In further support of his motion, Plaintiff cites authority indicating this court has "broad discretion to stay

---

[1] This statement is incorrect as the undersigned only ruled on that portion of the motion to disqualify and recuse that related to recusal of the undersigned. *See* Order [135].

proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

Here, Mr. Alston has failed to make any showing of likelihood of success on the merits of his mandamus petition. Nor has he cited any legal authority in support of granting a stay under the circumstances of this case. Lastly, and more importantly, these proceedings were initiated by Mr. Alston over two years ago, and he has failed to persuade the Court that an effectively indefinite stay will not prejudice Defendant and is otherwise warranted. A district court's jurisdiction is not interrupted when a party files a petition for writ of mandamus. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (stating that the rule that a perfected appeal vests jurisdiction in the appellate court and terminates the jurisdiction of the district court does not apply to petitions for writ of mandamus). Accordingly, this case will proceed in accordance with the current scheduling order deadlines.

SO ORDERED this 12th day of December, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE